**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5006

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

WALLACE BROWN,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:07-cr-00437-CCB-1)

Submitted:  November 24, 2009        Decided:  January 4, 2010

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Allen H. Orenberg, THE ORENBERG LAW FIRM, P.C., North Bethesda,
Maryland,  for  Appellant. Rod  J.  Rosenstein,  United  States
Attorney, Mushtaq Z. Gunja, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wallace Brown appeals from his convictions for two counts of possession of cocaine with intent to distribute. On appeal, Brown challenges the sufficiency of the evidence supporting his jury convictions and the denial of his motion to suppress. We affirm.

To establish a violation of 21 U.S.C. § 841(a)(1) (2006), the Government must prove beyond a reasonable doubt that the defendant: (1) knowingly; (2) possessed a narcotic controlled substance; (3) with the intent to distribute it. See United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999). A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted).

With regard to the charge arising from the cocaine sale at Tivoly Avenue, Brown contends that the evidence was insufficient because he provided alibi evidence and evidence

regarding a potential police motive for fabricating evidence.[*] However, the jury was free to reject Brown's alibi evidence and allegations of police misconduct. In convicting Brown, the jury plainly credited the testimony of the officers, and we do not review the jury's credibility determinations on appeal. See United States v. Wilson, 484 F.3d 267, 283 (4th Cir. 2007).

Turning to the charge arising from the cocaine found in Brown's apartment, Brown asserts that his testimony contradicted that of the police officers. However, again, we do not review the credibility of the witnesses, and we "must assume that the jury resolved all contradictions in testimony in favor of the Government." United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390 (4th Cir. 1993).

Finally, Brown contends that, even assuming the cocaine in the apartment belonged to him, there was insufficient evidence of his intent to distribute. However, we conclude that the drug paraphernalia found in Brown's apartment, the weight of the drugs, and the fact that officers observed Brown conducting a drug deal provided more than sufficient evidence to satisfy the Government's burden of proving intent to distribute. See United States v. Fisher, 912 F.2d 728, 729-31 (4th Cir. 1990)

---

[*] Brown also asserts that the officers' testimony conflicted regarding the timeline of events. However, a review of the record does not show a concrete conflict.

(finding sufficient evidence of possession with intent to distribute 1.52 grams of cocaine where cocaine was packaged for individual sale and was found in proximity to firearms). Accordingly, the Government's evidence was sufficient to support the jury's guilty verdict on both counts.

Next, Brown asserts that the district court committed clear error in preferring the police officer's testimony to Brown's at the hearing on the motion to suppress. At the hearing, the district court was faced with a credibility question--the officer testified that he witnessed Brown conduct a drug deal, and Brown testified that he was not there. The officer's testimony was corroborated by the cocaine found in the buyer's possession, as well as the cocaine found in Brown's apartment and the currency found in Brown's car.

In reviewing the denial of a motion to suppress, we "particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted), cert. denied, 129 S. Ct. 1312 (2009). When the district court has denied a suppression motion, we review the evidence in the light most favorable to the Government. See United States v. Neely, 564 F.3d 346, 349 (4th Cir. 2009). Viewing the evidence under

4

this standard, there was no clear error in the district court's credibility determination. Accordingly, Brown's challenge to the denial of his motion to suppress is without merit.

Based on the foregoing, we affirm Brown's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED